**Mohammed SHAFIK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75354.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 17, 2006.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark N. Bartlett, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Mohammed Shafik, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA conducted a de novo review of the record, we review the BIA's decision. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We grant the petition for review and remand.

We conclude that the BIA did not make an adverse credibility determination with the specificity and support required by our caselaw. The BIA's statement that Shafik's testimony was "notably vague" is not "an explicit and direct finding that [Shafik] [wa]s untruthful." *Aguilera–Cota v. INS*, 914 F.2d 1375, 1383 (9th Cir.1990). The BIA's observation that Shafik's supporting documents and the testimony of his father did not "add critical detail to flesh out [his] claim" is not an explicit credibility finding either. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–38 (9th Cir.2004) (holding that implicit credibility observations made in passing do not constitute a credibility finding). Because implicit credibility determinations are not permitted, *see Shoafera v.*

---

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*INS,* 228 F.3d 1070, 1074 n. 3 (9th Cir. 2000), we remand to the BIA to evaluate Shafik's credibility expressly, *see INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; VACATED and REMANDED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.